# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| ROBIN J. PEMBERTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL NO. 1:06CV9 |

## ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing Defendant Commissioner's decision with a remand of the cause to the Commissioner for further administrative proceedings. On remand to the Commissioner, the Administrative Law Judge ("ALJ") will be directed to reassess the severity of the claimant's mental impairment in accordance with 20 C.F.R. §§ 404.1520a, 416.920a; reassess the medical source opinions with respect to the severity and functional impact of the claimant's mental impairment consistent with 20 C.F.R. §§ 404.1527, 416.927 and SSR 96-5p; reassess the claimant's credibility consistent with 20 C.F.R. §§ 404.1529, 416.929 and SSR 96-7p; reassess the claimant's RFC consistent with 96-8p, providing rationale with specific reference to evidence of record in support of the assessed limitations; if necessary, obtain vocational expert testimony; and, if necessary, consult a medical expert to assist in determining the onset date of disability.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42

U.S.C. § 405(g), and in light of the Commissioner's request to remand this action for further proceedings with the plaintiff's consent, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Signed: October 23, 2006

Lacy H. Thornburg
United States District Judge